IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Huanyusheng Technology Co., Ltd.; Shenzhen Nike Technology Co., Ltd.; KNOWLES MECHANICA, INC.; RAIZ PRO LLC; Dongguan Yangke Plastic Co., Ltd.; Dongguan Yuanshu Trading Co., Ltd.; Dongguan Yuande Trading Co., Ltd.; 360 Smart Photo Booth Inc.; PHO Moment Co., Ltd.; Taiyuan Huabu Pinnan Trading Co., Ltd.; 360 PanoramaIma Solutions Inc.; Shenzhen Luoyan Technology Co., Ltd.; Shenzhen Enyang Wisdom Technology Co., Ltd.; Dongguan Jinquan Hardware Products Co., Ltd.; Dongguan Yuanfu Trading Co., Ltd.; Shenzhen Chitu Horse Technology Co., Ltd.<br><br>    Plaintiffs,<br> v.<br><br>MAVIR;<br>    Defendant, | Civil Action No. 1:24-cv-8789<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

  1. Plaintiffs, Shenzhen Huanyusheng Technology Co., Ltd.; Shenzhen Nike Technology Co., Ltd.; KNOWLES MECHANICA, INC.; RAIZ PRO LLC; Dongguan Yangke Plastic Co., Ltd.; Dongguan Yuanshu Trading Co., Ltd.; Dongguan Yuande Trading Co., Ltd.; 360 Smart Photo Booth Inc.; PHO Moment Co., Ltd.; Taiyuan Huabu Pinnan Trading Co., Ltd.; 360 PanoramaIma Solutions Inc.; Shenzhen Luoyan Technology Co., Ltd., Shenzhen Enyang Wisdom Technology Co., Ltd.; Dongguan Jinquan Hardware Products Co., Ltd.; Dongguan Yuanfu Trading Co., Ltd.; Shenzhen Chitu Horse Technology Co., Ltd. (hereinafter, separately referred as "Plaintiff", and collectively referred as "Plaintiffs") files this Declaratory Judgment action against Defendant MAVIR ("Defendant"

1

or "MAVIR") and alleges as follows:

**NATURE OF THE ACTION**

2. This is an action for declaratory judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Plaintiffs are seeking a declaratory judgment of non-infringement of U.S. Patent No. 12,042,741B2 ("the '741 Patent") (hereinafter, the "Patent-in-Suit").

3. In addition, Plaintiffs allege that Defendant has violated the common law of the State of Illinois by committing tortious interference with a contractual relationship and tortious interference with a prospective business expectancy.

4. Plaintiffs now seek a declaratory judgment of non-infringement of the Patent-in-Suit, as well as a judgment that Defendant has tortiously interfered with Plaintiffs' contractual relationships with Amazon and tortiously interfered with Plaintiffs' prospective business expectancies.

**THE PARTIES**

5. Plaintiff Shenzhen Huanyusheng Technology Co., Ltd. ("Def. No. 1") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 1006, Shanghui Building, Bihai Central Area, Jin Hai Road, Xixiang Street, Bao'an District, Shenzhen, China. Plaintiff sells products on Amazon under the store name "**Huang-us**" with Amazon Seller ID AV51KYCH51LNN.

6. Plaintiff Shenzhen Nike Technology Co., Ltd. ("Def. No. 2") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Building 9, No. 198 Yongchuang Road, Qiangxia Village, Xinqiao

Street, Guangming District, Shenzhen, China. Plaintiff sells products on Amazon under the store name "**Panorama360Pro**" with Amazon Seller ID AN21T7RERL50V.

7. Plaintiff KNOWLES MECHANICA, INC. ("Def. No. 3") is a company organized and existing under the laws of the United States, with its principal place of business at P.O. Box 114, South China, Maine 04358, USA. Plaintiff sells products on Amazon under the store name "**Arti's Antiques**" with Amazon Seller ID A3UR91CSR4M5YW.

8. Plaintiff RAIZ PRO LLC ("Def. No. 4") is a company organized and existing under the laws of the United States, with its principal place of business at 5900 Balcones Drive, Austin, Texas 78731, USA. Plaintiff sells products on Amazon under the store name "**Zikra Mart**" with Amazon Seller ID A1101P65BLPBFC.

9. Plaintiff Dongguan Yangke Plastic Co., Ltd. ("Def. No. 5") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 203, No. 31 Baiyong Street, Dongcheng District, Dongguan, Guangdong, China. Plaintiff sells products on Amazon under the store name "**Foncusun Direct US**" with Amazon Seller ID A4DV327XRKS03.

10. Plaintiff Dongguan Yuanshu Trading Co., Ltd. ("Def. No. 6") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Dongguan, Guangdong, China. Plaintiff sells products on Amazon under the store name "**EIJOFI-US**" with Amazon Seller ID A34C9RDX1QFEV7.

11. Plaintiff Dongguan Yuande Trading Co., Ltd. ("Def. No. 7") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Dongguan, Guangdong, China. Plaintiff sells products on Amazon under the store name "**XAZIMO-US**" with Amazon Seller ID A218B8LOVY1ELB.

3

12. Plaintiff 360 Smart Photo Booth Inc. ("Def. No. 8") is a company organized and existing under the laws of the United States, with its principal place of business at 1005 N 2nd Ave., Laurel, MS 39440 US. Plaintiff sells products on Amazon under the store name "**360 Smart Photo Booth Inc**" with Amazon Seller ID A211451YK98JZY.

13. Plaintiff PHO Moment Co., Ltd. ("Def. No. 9") is a company organized and existing under the laws of the United States, with its principal place of business at 601 Pika Rd, Boulder, CO 80302, USA. Plaintiff sells products on Amazon under the store name "**PHOMomentCoLtd**" with Amazon Seller ID A3PX25RL7UKK8I.

14. Plaintiff Taiyuan Huabu Pinnan Trading Co., Ltd. ("Def. No. 10") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at 415 Dong'an Road, Wenyang Subdistrict, Yingze District, Taiyuan, Shanxi, China. Plaintiff sells products on Amazon under the store name "**Piioziin**" with Amazon Seller ID A2K7G02BO5EJHM.

15. Plaintiff 360 PanoramaIma Solutions Inc. ("Def. No. 11") is a company organized and existing under the laws of the United States, with its principal place of business at 1245 E Colfax Ave Ste 206, Denver, CO 80218, USA. Plaintiff sells products on Amazon under the store name "**WENXIANFANG87**" with Amazon Seller ID A3LH1RL0IWN1JO.

16. Plaintiff Shenzhen Luoyan Technology Co., Ltd. ("Def. No. 12") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 35, Gongle Industrial Road, Gongle Community, Xixiang Street, Bao'an District, Shenzhen, China. Plaintiff sells products on Amazon under the store name "**Froectry USA**" with Amazon Seller ID AC6GQ0C4VGDJI.

17. Plaintiff Shenzhen Enyang Wisdom Technology Co., Ltd. ("Def. No. 13") is

4

a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Shenzhen, China. Plaintiff sells products on Amazon under the store name "**X-Liannai USA**" with Amazon Seller ID A3BE7YXFIMWI1K.

18. Plaintiff Dongguan Jinquan Hardware Products Co., Ltd. ("Def. No. 14") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Dongguan, China. Plaintiff sells products on Amazon under the store name "**360 PHO**" with Amazon Seller ID A18RG4FHLV08TU.

19. Plaintiff Dongguan Yuanfu Trading Co., Ltd. ("Def. No. 15") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Dongguan, China. Plaintiff sells products on Amazon under the store name "**DCOUXL-US**" with Amazon Seller ID AO54AI081DLFZ.

20. Plaintiff Shenzhen Chitu Horse Technology Co., Ltd. ("Def. No. 16") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Shenzhen, China. Plaintiff sells products on Amazon under the store name "**iHorseRacing**" with Amazon Seller ID A2G2RCM1ET8ZQ1.

21. Plaintiffs sell photographic camera devices, including 360-degree photo booths, through their respective Amazon storefronts. A true and accurate representation of their product is shown below:



(the "Accused Products")

22. Upon information and belief, Defendant is an anonymous complainant operating under the name MAWIR, with its principal business address in China. Defendant may be contacted via the email address: MichaelJonathan1983@outlook.com.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1338(a), 1367, and 2201(a).

24. This Court may exercise supplemental jurisdiction of Plaintiffs' state law tort claim against Defendant under 28 U.S.C. § 1367, as they arise under the same set of operative facts.

25. On information and belief, the Defendant is subject to this Court's specific and general jurisdiction due to at least their the actions which they have taken to disrupt the Plaintiff's business in the forum, this action includes: (i) at least a portion of the acts complained; (ii) repeatedly executing legal attacks on the Plaintiff related to business

conducted or solicited, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; (iii) upon information and belief, targeting other entities and individuals operating and/or targeting business to individuals in Illinois and in this Judicial District; and (iv) employing legal counsel in the jurisdiction to put their business disruption purposes into action. The Defendant has targeted the Plaintiff's business in Illinois, and upon information and belief, targeting other entities and individuals operating and/or targeting business to individuals in Illinois, and has retained counsel in Illinois. The Defendant is committing tortious acts in Illinois and has wrongfully caused substantial injury in the State of Illinois.

26. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Defendant is a foreign business with its principal business in China.

**THE '741 PATENT**

27. The '741 Patent is entitled "Photo Booth Having Supporting Stage" and generally discloses a technical field of photographic camera devices, and in particular to a photo booth having supporting stage. See **Exhibit A**, copy of the '741 Patent Registration.

28. The bibliographic data of US '741 Patent is as follows:



US012042741B2

(12) **United States Patent**
Zhang et al.

(10) Patent No.: **US 12,042,741 B2**
(45) Date of Patent: ***Jul. 23, 2024**

(54) **PHOTO BOOTH HAVING SUPPORTING STAGE**

(71) Applicant: **MARVEL TECHNOLOGY (CHINA) CO., LIMITED**, Shenzhen (CN)

(72) Inventors: **Shuo Zhang**, Shenzhen (CN); **Ruru Zhong**, Shenzhen (CN)

(73) Assignee: **MARVEL TECHNOLOGY (CHINA) CO., LIMITED**, Shenzhen (CN)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **18/506,239**

(22) Filed: **Nov. 10, 2023**

(65) **Prior Publication Data**

US 2024/0173633 A1     May 30, 2024

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 18/070,599, filed on Nov. 29, 2022, now Pat. No. 11,852,955.

(30) **Foreign Application Priority Data**

Nov. 29, 2021   (CN) .......................... 202122947239.8

(51) Int. Cl.
 *A63G 31/02*   (2006.01)
 *A63J 1/00*    (2006.01)
(52) U.S. Cl.
 CPC ................ *A63G 31/02* (2013.01); *A63J 1/00* (2013.01)

(58) **Field of Classification Search**
None
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

8,317,668 B2 * 11/2012 Sales ...................... A63B 21/04
                                                     482/146
11,852,955 B2 * 12/2023 Zhang .................... G03B 15/00
2021/0223668 A1 * 7/2021 Wiley, Jr. ............... F16M 11/10

FOREIGN PATENT DOCUMENTS

CN      217561901 U   * 10/2022

* cited by examiner

*Primary Examiner* — Rodney E Fuller
(74) *Attorney, Agent, or Firm* — Daniel M. Cohn; Howard M. Cohn

(57) **ABSTRACT**

A photo booth having a supporting stage includes the supporting stage, a rotatable shooting stand, and a driving assembly. The driving assembly is configured to drive the rotatable shooting stand to circumferentially rotate around the supporting stage. The supporting stage includes an upper cover and a reinforcement frame, and the reinforcement frame includes reinforcement ribs diverging from an central portion of the reinforcement frame to an edge of the reinforcement frame. The upper cover detachably covers the reinforcement frame; or the upper cover covers the reinforcement frame and the upper cover and the reinforcement frame are integrally formed; or the upper cover covers the reinforcement frame and the upper cover is welded to the reinforcement frame. The reinforcement frame includes a supporting ring, supporting rods, and a connecting portion. The supporting ring is generally annular.

**10 Claims, 4 Drawing Sheets**



29. The '741 Patent was filed on November 10, 2023, as a continuation of the US patent application No. 18/070,599 filed on November 29, 2022, now US Patent No. 11,852,955, which claims priority from Chinese patent application No. CN202122947239.8U filed on November 29, 2021.

30. Upon information and belief, Defendant alleged to be the owner of the '741 Patent.

## FACTUAL BACKGROUND

31. Plaintiffs are sellers of, among other things, photographic camera devices via their respective Amazon storefronts, as identified herein. Plaintiffs have enjoyed considerable commercial success over time on Amazon.

32. Plaintiffs all sell identical photographic camera devices under different brand names.

33. Plaintiffs' suppliers are the owners or licensees of multiple patents, including Chinese Utility Patents under No. ZL 2022 2 3206300.4, CN 218630476 U, CN 217879935 U, and CN 217157060 U; Chinese Design Patents under CN 307811824 S, CN 307652448 S, and CN 307587102 S; U.S. Design Patents under US D978,951 S and US D1,008,338 S; and U.S. Utility Patent under US 11,920,729 B1. These patents are implemented in and embody Plaintiffs' photographic camera device products.

34. Plaintiffs' Amazon sales are conducted under the Amazon Services Solutions Agreement.

35. On or about August 22, 2024, Defendant, identified as MAWIR, via its legal counsel, filed numerous Amazon Infringement Complaints against Plaintiffs' photographic camera device product listings, alleging infringement of the '741 Patent ("Amazon Infringement Complaints"). A complete list of these Amazon Infringement Complaints and

9

the delisted product listings are detailed in **Schedule A**, annexed to this Complaint.

36. On September 13, 2024, Plaintiffs' legal counsel responded by sending a formal letter to Defendant, explaining in detail that the Accused Products did not include the "reinforcement frame" component required by the '741 Patent. The letter demanded the immediate withdrawal of the false complaints. Plaintiffs maintained that the Accused Products use a different structural design and does not infringe the '741 Patent See **Exhibit B**, the email correspondence and noninfringement letter.

37. On September 15, 2024, Defendant responded by reiterating the infringement claims, but rather than providing substantive legal arguments, Defendant's email was filled with threats of legal action and reputational harm through social media. Defendant also threatened consequences against Plaintiffs' legal counsel. See **Exhibit C**.

38. Later that day, Plaintiffs' counsel responded by sending a follow-up email, requesting clarification of Defendant's identity and legal qualifications. (See **Exhibit D**).

39. After receiving no response to their previous email, on September 17, 2024, Plaintiffs' counsel sent a detailed letter to Defendant addressing four key issues:

   a. Fake Infringement Report: Plaintiffs' counsel pointed out that the infringement complaint filed by Defendant was baseless. While Defendant had claimed ownership of U.S. Patent No. 12,042,741B2, public records showed that the patent's actual assignee was Marvel Technology China Co., Ltd., not MAWIR. This suggested that Defendant's Amazon Infringement Complaints were false and made under false pretenses.

   b. False Representation: The letter expressed serious concerns regarding Defendant's qualifications as a legal representative. Defendant had claimed

10

to act on behalf of a client, but their communications lacked any verifiable credentials or signatory information. Plaintiffs' counsel noted that a thorough search failed to identify any licensed attorney named "Michael Jonathan," and that misrepresenting oneself as a legal professional could result in significant legal consequences.

c. Outdated Evidence: The evidence provided by Defendant in support of the infringement claims was outdated, as the documents appeared to have been created before April 1, 2024, or as early as August 2023. Furthermore, the product Defendant claimed to infringe the patent was no longer being sold by Plaintiffs, as it had since been modified and no longer included the patented components. Plaintiffs' counsel emphasized that Defendant's delayed filing of the complaint further weakened the credibility of the claim.

d. Defamatory Threats: Plaintiffs' counsel addressed the threats made by Defendant to harm the firm's reputation via social media. The letter warned that any defamatory actions taken by Defendant or their client would result in legal action, including defamation claims. Plaintiffs' counsel underscored the seriousness of such threats and indicated they would inform Amazon and potentially the courts about the false and malicious complaints.

Plaintiffs' counsel concluded the letter by reiterating that they would not retract the previously issued letter of non-infringement and stated that any further communication would occur through legal channels. (See **Exhibit E**).

40. Despite these requests, Defendant did not provide any meaningful response to the inquiry about their identity. Instead, they continued to rely on their initial intimidation

11

and baseless Amazon Infringement Complaints, showing no intention of withdrawing the false complaints or addressing the lack of merit in their arguments.

41. As a direct result of the bad faith and false Amazon Infringement Complaints, Plaintiffs' photographic camera device product listings have been delisted from Amazon, prohibiting Plaintiff from selling on Amazon, thereby directly causing harm to Plaintiff's current and future business operations.

42. Therefore, an actual and justiciable controversy exists between the Parties concerning the validity of the Patent-in-Suit and whether Plaintiffs' Accused Products infringe the Patent-in-Suit.

43. Furthermore, an actual and justiciable controversy exists between the Parties as to whether Defendant tortiously interfered with Plaintiffs' contractual relationships with Amazon and whether Defendant tortiously interfered with Plaintiffs' prospective business expectancies.

**CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '741 PATENT**

44. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

45. Plaintiffs' photographic camera device products do not infringe the '741 Patent because they do not practice every claimed limitation of at least independent claims 1.

| Claim 1 | A photo booth having a supporting stage, comprising: |
|---|---|
| 1.a. | the supporting stage; |
| 1.b. | a rotatable shooting stand; and |
| 1.c. | a driving assembly; |

| **1.d.** | wherein the driving assembly is configured to drive the rotatable shooting stand to circumferentially rotate around the supporting stage; the supporting stage comprises an **upper cover** and a **reinforcement frame** the reinforcement frame comprises a connecting portion and supporting rods; a first end of each of the supporting rods is connected to the connecting portion; and the supporting rods are disposed along a circumferential direction of the connecting portion. |

46. The claims of the '741 Patent are directed to a photographic camera device with specific technical features, including the supporting stage, which comprises an **upper cover** and a **reinforcement frame**.

47. Plaintiffs' photographic camera device products do not contain a reinforcement frame as required by claim 1(d) of the '741 Patent. The Accused Products, which are sold under ASINs listed in Schedule A, do not meet this limitation because they lack this structure, regardless of how the term "reinforcement frame" is construed.

48. Furthermore, as shown in FIGS. 1 and 3 of the '741 Patent, the upper cover (110) includes a supporting plate (111) and a ring edge (112). The ring edge (112) axially extends toward the supporting plate (111) along the outer edge of the supporting plate. (See Ex A: '741 Patent Registration, Col. 4, Lines 40-43).

49. In contrast, Plaintiffs' product (depicted on the right) does not feature this "ring edge" (112). The client's design consists of a supporting plate without the additional structural feature described in the patent, further confirming that the client's product does not infringe upon Claim 1(d) of the '741 Patent. A comparison is provided below:

| **'741 Patent** | **Plaintiff's Accused Products** |



| | |
|---|---|
| FIG. 3<br><br>As shown in FIGS. 1 and 3, the upper cover 110 includes a **supporting plate 111** and a **ring edge 112**, the ring edge 112 axially extends toward the supporting plate 111 along an outer edge of the supporting plate 111. *See* Ex A, '741 Patent Registration. Col. 4, Lines 40-43. | Plaintiffs' products **do not** include a **ring edge or any similar structure** as described in the patent. They only feature a supporting plate without the reinforcement frame or the upper cover structure specified in Claim 1(d). |

50. In order to establish infringement of the '741 Patent, all features of independent Claim 1 must be present in the Accused Products. Plaintiffs' photographic camera device products do not include every feature of Claim 1. Specifically, the Accused Products lack the reinforcement frame, a key component described in Claim 1(d), as well as the upper cover features, including the ring edge.

51. Pursuant to the Federal Declaratory Judgment Act, Plaintiffs seek a judicial declaration that Plaintiffs' photographic camera device products do not infringe the '741 Patent because the Accused Products do not meet every limitation of claims within the '741 Patent.

## CLAIM II: TORTIOUS INTERFERENCE WITH CONTRACT

52. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

53. Plaintiffs and Amazon have valid and enforceable contractual relationships via the Amazon Services Business Solutions Agreement in which Plaintiffs were permitted to sell goods on the Amazon marketplace in exchange for fees.

54. Defendant was aware of Plaintiffs' contractual agreement with Amazon as they knew Plaintiffs offered products under the Amazon storefront herein identified.

55. Defendant intentionally and unjustifiably induced Amazon to breach the agreements with Plaintiffs by filing bad faith Amazon Infringement Complaints with knowledge that the '741 Patent is not infringed by Plaintiffs' photographic camera device products.

56. Amazon did in fact breach the agreements with Plaintiffs as a result, thereby removing Plaintiffs' products from the Amazon marketplace.

57. Defendant's actions have caused economic and financial harm to Plaintiffs in largely unquantifiable amounts.

## CLAIM III: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

58. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

59. Plaintiffs had a reasonable expectation of entering into valid business relationships with Amazon and with the consuming public via the Amazon storefronts identified herein.

60. Defendant was fully aware of Plaintiffs' expectation as they knew Plaintiffs

15

sold products on the Amazon platform, as shown by his objectively false Amazon Infringement Complaints.

61. Defendant purposefully interfered with Plaintiffs' prospective business relationships by filing bad faith Amazon Infringement Complaints with knowledge that '741 Patent is not infringed by Plaintiffs' photographic camera device products.

62. As a result of Defendant's false Amazon Infringement Complaints, Amazon removed Plaintiffs' products from the Amazon marketplace, thereby causing economic and financial harm to Plaintiffs in largely unquantifiable amounts.

## DEMAND FOR JURY TRIAL

63. Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment as follows:

A. A declaration that Plaintiffs' photographic camera device products do not infringe U.S. Patent No. 12,042,741B2; and

B. A judgment that Defendant has tortiously interfered with Plaintiffs' contractual relationships with Amazon; and

C. A judgment that Defendant has tortiously interfered with Plaintiffs' prospective business expectancies; and

D. An injunction enjoining Defendant, its officers, agents, employees, attorneys, and those in active concert or participation with Defendant from continuing to

pursue their baseless infringement claims against Plaintiffs; and

  E. An award of Plaintiffs' damages, including but not limited to actual, consequential, and punitive damages, for Defendant's tortious interference with contractual relations and prospective business expectancies, in an amount to be determined at trial; and

  F. An order directing Defendant to withdraw its Amazon Infringement Complaints and to take all necessary steps to reinstate Plaintiffs' product listings on Amazon; and

  G.  A declaration that this case is exceptional under 35 U.S.C. § 285, and awarding Plaintiffs their attorneys' fees, costs, and expenses incurred in bringing this action; and

  H. An award of pre- and post-judgment interest on any monetary award made by the Court, as allowed by law; and

  I. Such other and further relief as the Court may deem just and proper.

Date: September 23, 2024
Flushing, New York

                Respectfully Submitted,

                **J. Zhang and Associates, P.C.**
                *Attorney for Plaintiffs*

                */s/ Jiyuan Zhang*
                _____
                By: Jiyuan Zhang, Esq
                3712 Prince Street, Ste 9C,
                Flushing, NY 11354
                Tel: (718) 701 – 5098
                contact@jzhanglaws.com
                JZ@jzhanglaws.com